# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 23-5291

September Term, 2024

FILED ON: DECEMBER 15, 2025

DOMINIQUE COLLIER, CAPTAIN,
> APPELLANT

v.

GARY A. ASHWORTH, HONORABLE, ACTING SECRETARY OF THE AIR FORCE,
> APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02781)

Before: SRINIVASAN, *Chief Judge*, HENDERSON and CHILDS, *Circuit Judges*

## AMENDED JUDGMENT

We considered this case on the record and the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the order of the district court entered on September 8, 2023 granting appellee's motion for summary judgment and the order of the district court entered on November 9, 2023 denying appellant's motion for reconsideration be **AFFIRMED**.

\* \* \*

Captain Dominique Collier brought this suit alleging Privacy Act claims under 5 U.S.C. § 552a(g) against the Secretary of the Air Force in his official capacity. The district court granted summary judgment to the Government and denied Collier's motion for reconsideration. Because "we may affirm on any ground properly raised," and Collier failed to meet her burden as to an essential element of her Privacy Act claim, we affirm the district court. *EEOC v. Aramark Corp.*, 208 F.3d 266, 268 (D.C. Cir. 2000).

Collier was a member of the Air Force Reserves who, as part of a standard pre-deployment health assessment, underwent a ▮▮▮▮▮▮▮ on October 16, 2019. That ▮▮ was ▮▮▮▮▮. Collier offered evidence suggesting that Senior Master Sergeant Lois Mosley called to inform her of the test results before Collier was contacted by medical personnel. Mosley was a senior member of Collier's unit but outside her chain of command and, according to Collier, lacked official need to know of Collier's medical information. Evidence suggests Mosley was informed of ▮▮▮▮▮▮ by Technical Sergeant Ashley Pope, a medical technician with access to Collier's medical records. In any event, Collier underwent ▮▮▮▮▮▮ and several ▮▮▮▮▮▮ over the next several days. Those tests showed that, at least as of October 25, Collier was ▮▮▮▮▮▮.

Meanwhile, shortly after the original ▮▮▮▮▮▮ on October 16, Collier's immediate supervisor was notified that she was not medically cleared to deploy. Then, on October 25, Pope informed the same supervisor that the medical clearance had been granted. When Collier's group commander, Colonel Ann Brown, requested additional information regarding the change, Pope sent Brown a screenshot from Collier's medical records detailing ▮▮▮▮▮▮. Collier did not deploy; she remained stateside and soon had a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that interfered with her duties.

Collier alleges that Pope violated the Privacy Act both by informing Mosley of ▮▮▮▮ ▮▮▮▮ and by improperly disclosing to Brown details of ▮▮▮▮▮▮ exceeding her need to know. Collier asserts that, during this period and as a direct result of the Privacy Act violations, rumors that she had ▮▮▮▮▮▮▮▮▮ circulated within her unit, causing her ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and leading her superiors to demand excessive documentation of ▮▮▮▮▮▮. The district court granted summary judgment to the Government, concluding that Collier had failed to demonstrate actual damages as required under the Privacy Act. Collier has timely appealed.

"We review the grant of summary judgment *de novo,* applying the same standard of review as that of the District Court." *Maydak v. United States*, 630 F.3d 166, 174 (D.C. Cir. 2010) (citation omitted). Courts grant summary judgment if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). To survive summary judgment, a plaintiff must "make a sufficient showing on [the] essential element[s] of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden of production under Rule 56 lies with the party moving for summary judgment. *Maydak*, 630 F.3d at 181. That party must submit "affirmative evidence that negates an essential element of the nonmoving party's claim [or] demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* at 181–82 (quoting *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting)) (cleaned up). Once the moving party satisfies his initial burden, the burden shifts to the nonmoving party, who must "either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary . . . ." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 332–33 n.3 (Brennan, J., dissenting)).

2

To obtain relief under the Privacy Act, a plaintiff must "establish that (1) the agency violated a provision of the Act, (2) the violation was 'intentional or willful,' . . . and (3) the violation had an 'adverse effect' on the plaintiff . . . ." *Id.* at 178 (citing 5 U.S.C. § 552a(g)(4), (1)(D)). In its summary judgment brief, the Government argued that the record was insufficient to establish a genuine issue of material fact either that any alleged violation was "intentional or willful" or that any violation caused an "adverse effect." Specifically, the Government relied on Pope's deposition to demonstrate that the record fails to suggest any intentional or willful violation of Collier's privacy rights and argued that other traumas in Collier's life (including an assault by her then-boyfriend) were more likely the cause of stress necessitating Collier's ███████ ████████. In her reply, Collier failed to contest either assertion.

The district court found for the Government as to the adverse-effect argument but, as Collier argues on appeal, it may have held so on a different ground from what the Government argued. Nevertheless, Collier failed to meet her burden to establish a genuine issue as to any "intentional or willful" violation. We have previously held that

> [i]n order to survive the Government's motion for summary judgment on the "intentional or willful" issue, [the nonmovant is] required to proffer evidence that the Government's actions [are]:
> - so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful, or
> - somewhat greater than gross negligence, or
> - committed without grounds for believing them to be lawful, or
> - in flagrant disregard of others' rights under the Act.

*Maydak*, 630 F.3d at 180. Collier offered no such evidence. The closest she comes is her assertion that the record suggests that her former unit, and Mosley in particular, was prone to "gossiping about sensitive medical information." J.A. 273.

When we consider the record ourselves, we find nothing that might support a genuine dispute of material fact as to whether the Government violated Collier's privacy rights intentionally or willfully. In her reply on appeal, Collier echoes the same facts she relied on in district court—this time properly packaging them as evidence supporting "intentional or willful" conduct. But general allegations that a unit or individual is prone to sharing personal information do not amount to evidence that the Government's actions were patently egregious, more than grossly negligent, committed without grounds for believing them lawful or in flagrant disregard of Collier's rights. And the cases Collier cites in support are inapposite as each addresses claims that required further discovery—an argument Collier never makes. Appellant Reply Br. 9 (citing *Doe (P) v. Goss*, No. 04-cv-2122, 2007 WL 106523 (D.D.C. Jan. 12, 2007); *York v. McHugh*, 698 F. Supp. 2d 101 (D.D.C. 2010); *Feldman v. CIA.*, 797 F. Supp. 2d 29 (D.D.C. 2011)).

3

* * *

For the foregoing reasons, we affirm the district court's grant of summary judgment to the Government and denial of Collier's motion for reconsideration.

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after the resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
        Daniel J. Reidy
        Deputy Clerk